# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 20-307 |
| EDWARD KIPP | : | |
| | : | |

## MEMORANDUM OPINION

**SCHMEHL, J.**  /s/ JLS                                                                 May 19, 2021

      Mr. Kipp faces trial for failing to register as a sex offender under Title 18, United States Code, Section 2250. His Motion in Limine requests preclusion of "reference to the phrase 'sex offender' in reference to his registration requirement." He states that any reference to "sex offender" is "unfairly prejudicial" and "has no probative value," therefore, the phrase should be precluded at trial under Federal Rule of Evidence 403. His Motion in Limine is denied because the phrase "sex offender" is in each of the three elements of the alleged crime, therefore, precluding the phrase would alter the criminal statute, confuse jurors, and make an incomplete trial.

**I.**      **Background**

      In March 2013, Mr. Kipp pled guilty in this Court for one count of possession of child pornography. He was sentenced to four years imprisonment, followed by five years of supervised release. Given this conviction, Mr. Kipp is deemed a sex offender under the Sex Offender Registration and Notification Act (SORNA), thus, he is required to register as a sex offender and verify the registration annually for ten years. If he changes residence, he must update his registration within three business days.

The Government alleges that Mr. Kipp changed residence and failed to update his registration accordingly. It seems that this allegation will go to trial. Mr. Kipp prepares for trial by filing this Motion in Limine which requests preclusion of "reference to the phrase 'sex offender' in reference to his registration requirement," under Federal Rule of Evidence 403.

**II.     Analysis**

Federal Rule of Evidence 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403. Mr. Kipp argues that "[r]eferring to [his] registration requirement as a 'sex offender' is unfairly prejudicial. Further, that phrase has no probative value."

To prove a violation of 28 U.S.C. section 2250, the government must prove beyond a reasonable doubt that:

(1) the defendant was required to register under the Sex Offender Registration and Notification Act (SORNA);

(2) is a sex offender by reason of prior conviction under Federal law, or travels in interstate or foreign commerce; and

(3) knowingly fails to register or update a registration as required by SORNA.

*See* 18 U.S.C. § 2250(a).

The term "sex offender" is within all three elements and it provides the only context to the alleged crime, so it certainly does not have "no probative value" as Mr. Kipp argues. The crime alleged, in essence, is that Mr. Kipp failed to register as a sex offender or failed to update his sex offender registration. Taking out the phrase 'sex offender' would leave "Mr. Kipp failed

to register," in which the coming questions from the jury would then be "register to what?" or "how is it a crime to 'not register'?"

It is unclear whether Mr. Kipp is arguing that the phrase "sex offender" should not be used at any point during trial, or whether he seeks to admit or stipulate in some way that he is a sex offender under SORNA, but he is only "required to register" rather than "required to register under the Sex Offender Registration and Notification Act." Nevertheless, Mr. Kipp's Motion can be answered without being certain of the true breadth of his request because precluding the term "sex offender" as a whole, or as it only pertains to registration, would render the trial confusing and incomplete since the trial would only be about "registration" with no further context.

This result is based on case law, common sense, and practicality. In *Higdon*, the Third Circuit reversed a district court who refused to inform the jury that the defendant was a convicted felon during trial for illegal possession of a firearm by a convicted felon. *United States v. Higdon*, 638 F.3d 233, 235 (3d Cir. 2011). The district court precluded the government from referring to or providing any evidence that the defendant had a prior felony conviction, and that the firearm in question traveled in interstate commerce. *Id.* at 235-36. In essence, the district court took the three elements from the alleged crime and turned them into one—whether the defendant possessed a firearm which it was illegal for him to possess. *Id.*

The Third Circuit conceded that evidence regarding the defendant's prior felony conviction could be prejudicial and cause bias but it still reversed the district court because the preclusion basically modified the elements of the alleged crimes. *Id.* at 239-41. In other words, without "full knowledge of the nature of the crime," "the practical implications of failing to instruct a jury about all elements of th[e] offense, "and since the defendant's "prior conviction is not merely a consequential fact, it is *an element* of the crime charged" the district court should

have permitted evidence of the underlying felony conviction. *Id.* at 240-43 (citing *Old Chief v. United States*, 519 U.S. 172 (1997) (further citations omitted)).

The Third Circuit's reasoning is clearly applicable here. Of course, any reference to "sex offender" during trial runs the risk of prejudice and bias against Mr. Kipp. However, the term "sex offender" is in all three elements of the alleged crime. *See* 18 U.S.C. § 2250(a). Refusing to have the jury hear this term would modify the criminal statute in a way that would confuse jurors as to what the trial is about. Further, it is a fact that Mr. Kipp is a "sex offender" given his prior federal conviction. Lastly, the main issue in this case is whether he failed to update his *sex offender registration*.

For all the reasons stated above, Mr. Kipp's Motion in Limine is denied. An accompanying Order follows.