# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 20-307 |
| EDWARD KIPP | : | |
| | : | |

## MEMORANDUM OPINION

**SCHMEHL, J.**  /s/ JLS                                                                                                  June 29, 2021

Mr. Kipp faces trial for failing to register as a sex offender under Title 18, United States Code, Section 2250. The Government requests that the Court permits Mr. Kipp's probation officer, Mr. Merth, to testify at trial. Mr. Merth would testify to an abundance of things related to the Probation Office's supervision of Mr. Kipp. All of Mr. Merth's proposed testimony is admissible except Mr. Merth shall not specifically testify that Mr. Kipp "knowingly failed to update his sex offender registration" because of his position within the Federal Judiciary and such testimony would usurp the jury's role as the fact finder.

**I.      Background**

In March 2013, Mr. Kipp pled guilty to one count of possession of child pornography. He was sentenced to four years imprisonment, followed by five years of supervised release. Given this conviction, Mr. Kipp is deemed a sex offender under the Sex Offender Registration and Notification Act (SORNA), thus, he is required to register as a sex offender and verify his registration annually for ten years. If he changes residence, he must update his registration within three business days. The Government alleges that Mr. Kipp changed residence and failed to update his registration accordingly.

When Mr. Kipp was released from custody and began his term of supervised release, he was supervised by the United States Probation Office and his probation officer was David Merth. Mr. Merth reviewed Mr. Kipp's conditions of supervised release with him, and was Mr. Kipp's main point of contact in regard to his supervised release compliance. The Government filed the present Motion in Limine to admit Mr. Merth to testify to the following:

- The identify of Mr. Kipp;
- Mr. Kipp's status as a person convicted of a sex offense;
- Discussions between Mr. Merth and Mr. Kipp regarding Mr. Kipp's obligation to register as a sex offender and Mr. Merth's availability to assist Mr. Kipp in registering;
- Procedures employed by the probation office to monitor supervisees' compliance with their sex offender registration obligations, and steps taken by Mr. Merth to monitor other supervisees during the COVID-19 pandemic;
- The fact that Mr. Kipp did not seek Mr. Merth's assistance in complying with his sex offender registration requirements during the COVID-19 pandemic; and
- Attempts Mr. Merth made to communicate to Mr. Kipp and locate him after he allegedly absconded from his supervised release.

Mr. Kipp opposes the Motion in Limine by arguing that he will concede and stipulate to the first two points, and then mainly argues that the remainder of Mr. Merth's proposed testimony is irrelevant under the Federal Rules of Evidence.

## II. Analysis

To prove a violation of 28 U.S.C. section 2250, the government must prove beyond a reasonable doubt that:

> (1) the defendant was required to register under the Sex Offender Registration and Notification Act (SORNA);
>
> (2) is a sex offender by reason of prior conviction under Federal law, or travels in interstate or foreign commerce; and
>
> (3) knowingly fails to register or update a registration as required by SORNA.

*See* 18 U.S.C. § 2250(a).

Federal Rule of Evidence 401 states: "Evidence is relevant if: (a) it has the tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. Federal Rule of Evidence 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

It appears that Mr. Kipp intends to defend himself at trial by arguing that he did not "knowingly" fail to update his registration, and that it was impractical or impossible for him to register because of the COVID-19 pandemic and other issues. Mr. Merth's proposed testimony will go directly towards how Mr. Kipps could register, the resources Mr. Kipp had through the Probation Office to assist him in registering, and Mr. Kipp's knowledge of violating his registration requirement. Specifically, Mr. Merth would testify that he discussed Mr. Kipp's obligations with him, told Mr. Kipp he can assist him, explain the procedures that the Probation Office deployed to assist other supervisees during the COVID-19 pandemic, and the fact that Mr. Kipp did not reach out to Mr. Merth despite Merth's attempts to communicate and locate Mr. Kipp. Using a balancing test, this proposed testimony is clearly relevant to the elements of the alleged crime, and outweighs any prejudicial value, therefore, it will be admitted at trial.

However, Mr. Merth shall not testify to a specific question or have the specific response that Mr. Kipp knowingly failed to update his registration requirement because of Mr. Merth's position within the Federal Judiciary, his relationship with Mr. Kipp, and the degree of prejudice this testimony would be to Mr. Kipp. Further, Mr. Merth could not testify to the ultimate question to be decided by the fact finder otherwise he would usurp the jury's role as the fact finder.

## III. Conclusion

Accordingly, Mr. Merth may testify at trial to the points and in the manner described herein.